UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KATHLEEN WORTHY,

Plaintiff,

v.

**DECISION AND ORDER**
07-CV-25S

SISTER'S HOSPITAL,

Defendant.

1. On January 11, 2007, Plaintiff Kathleen Worthy commenced this employment discrimination action against Defendant Sister's Hospital by filing a Complaint in the United States District Court for the Western District of New York. Proceeding pro se, Plaintiff checked boxes on this district's standard discrimination complaint form indicating claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e et seq. ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, et seq. (See Complaint, p. 1.) Plaintiff further checked boxes indicating that her discrimination claims are based on race and sex, but she did not complete the section of the form requiring a recitation of the facts giving rise to her claims. (See Complaint, p. 4.) Other than several dates and addresses, the only hand-written information on the Complaint is Plaintiff's assertion that she complains of "Equal-Opp + Employment Hiring . . . Upon the positen [sic] I interviewed several (multiple) times over." (Complaint, p. 3.) No other facts are alleged.

2. On April 2, 2007, Defendant filed a motion seeking dismissal of Plaintiff's Complaint pursuant 28 U.S.C. § 1915(e)[1] and Rules 8 and 12 of the Federal Rules of Civil Procedure, or in the alternative, for summary judgment pursuant to Rule 56.[2] This is the motion presently before this Court. In short, Defendant argues that Plaintiff's Complaint fails to state a claim and fails to meet federal pleading requirements. (See Docket Nos. 5, 6, 7, 8.) Plaintiff filed responses in opposition to Defendant's motion on April 5 and 19, 2007 (Docket Nos. 9, 10), to which Defendant replied on May 4 and 22, 2007 (Docket Nos. 12, 13.) For the following reasons, Defendant's motion is granted, and Plaintiff is granted leave to file an Amended Complaint.

3. Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii) both provide for dismissal of a Complaint for "failure to state a claim upon which relief can be granted." When assessing whether a Complaint states a claim, all well-pleaded factual allegations are assumed true and construed in the non-moving party's favor. See Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999); Still v. DeBuono, 101 F.3d 888, 891 (2d Cir. 1996). "The issue [on a Rule 12(b)(6) motion] is not whether a plaintiff will or might ultimately prevail on her claim, but whether she is entitled to offer evidence in support of the allegations in the complaint." Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll., 128 F.3d 59, 62 (2d Cir. 1997)(citation omitted); see also Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995); Racker v. St. Bonaventure Univ., 04-CV-125, 2005 WL 1522797, at *3 (W.D.N.Y. June 28, 2005). Dismissal on the face of the Complaint is therefore proper

[1] This basis for dismissal applies because Plaintiff is proceeding *in forma pauperis*. (See Docket No. 3.)

[2] Due to the procedural posture of this case, with no discovery having taken place, this Court declines to address Defendant's request for summary judgment at this time.

only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which will entitle him to relief." Cohen v. Koenig, 25 F.3d 1168, 1172 (2d Cir.1994) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

4. Federal pleading standards are governed by Rule 8 and are generally not stringent. See Pelman ex rel. Pelman v. McDonald's Corp., 396 F.3d 508, 511 (2d Cir. 2005) (describing federal pleading requirement as "bare bones notice pleading"); Phillip v. Univ. of Rochester, 316 F.3d 291, 293 (2d Cir. 2003) ("The federal rules allow simple pleadings and rely on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." (quotation and citation omitted)). Rule 8 requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A Complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47. Fair notice is "that which will enable the adverse party to answer and prepare for trial." Lee v. HealthFirst, Inc., No. 04 Civ. 8787, 2006 WL 177175, at *3 (S.D.N.Y. Jan. 25, 2006) (quoting Wynder v. McMahon, 360 F.3d 73, 79 (2d Cir. 2004)).

5. In the context of employment discrimination claims, the United States Supreme Court has clarified that the Complaint must meet only the notice pleading requirements of Rule 8(a)(2): "An employment discrimination plaintiff need not plead a prima facie case of discrimination." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515, 122 S. Ct. 992, 999, 152 L.Ed.2d 1 (2002). In Swierkiewicz, the Supreme Court found that the prima facie showing required of employment discrimination plaintiffs is "an evidentiary standard, not a pleading requirement," id. at 510, and it held that a plaintiff alleging employment discrimination need not plead all the elements of a prima facie case so long

as the Complaint provides the defendant "fair notice of what [the] claims are and the grounds upon which they rest" in accordance with Rule 8, id. at 514. See also Racker, 2005 WL 1522797, at *3 (discussing Swierkiewicz).

6. Nonetheless, the Court in Swierkiewicz noted that an employment discrimination Complaint could still be dismissed under Rule 12(b)(6) "if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." Id. at 512 (quoting Hishon v. King & Spaulding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). In this regard, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Smith v. Local 8191 B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (citation and quotation omitted); Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996) ("While the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice."). "It must be clear from a discrimination complaint 'what adverse employment action or actions serve as the basis for [a plaintiff's] . . . discrimination claim [thereby] giv[ing] fair notice in her complaint of the grounds upon which her claim that those actions were discriminatory rests." Lee, 2006 WL 177175, at *5 (quoting Galvez v. New York Mortg. Co., LLC, No. 05 Civ. 2365, 2005 WL 2124112, at *4 (S.D.N.Y. Sept. 1, 2005) (alterations in original)).

7. Plaintiff's pro se status entitles her submissions to broad consideration. Because of the distinct disadvantage that pro se litigants face, federal courts routinely read their submissions liberally, and interpret them to raise the strongest arguments that they suggest. See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L.Ed.2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). "This is especially true when dealing with pro se complaints alleging civil rights violations." Weixel v. Bd. of Educ. of

N.Y., 287 F.3d 138, 146 (2d Cir. 2002). This Court has considered Plaintiff's submissions accordingly. But importantly, a pro se plaintiff is not "exempt from complying with the relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983).

8. As noted above, Plaintiff's Complaint contains no factual allegations. It therefore fails to provide Defendant with fair notice of the basis of Plaintiff's claims. The complaint form specifically directs Plaintiff to "[s]tate here as briefly as possible the *facts* of your case." (Complaint, p. 4 (emphasis in original).) It further instructs Plaintiff to "[d]escribe how each defendant is involved, including *dates* and *places*." (Complaint, p. 4 (emphasis in original).) Despite these explicit instructions, Plaintiff left this portion of the form completely blank. (Complaint, p. 4.) Moreover, although she asserts age- and race-based discrimination claims, nowhere does Plaintiff allege her age or race. Because there are no facts alleged in the Complaint, Plaintiff fails to state any claims. See El-Bey v. City of New York, 419 F.Supp.2d 546, 551 (S.D.N.Y. 2006) (dismissing a pro se plaintiff's Complaint due to lack of adequate pleading).

9. Simply checking off boxes on the discrimination complaint form without providing even a bare-bones factual recitation is insufficient to state a claim; Plaintiff must comply with Rule 8 and allege facts demonstrating that she is entitled to relief. See Edwards v. Sheehan Memorial Hosp., 99-CV-489, 2000 WL 914131, at *2 (W.D.N.Y. June 19, 2000). Plaintiff has not done so here.

The only assertion in Plaintiff's Complaint — "Equal-Opp + Employment Hiring . . . Upon the positen [sic] I interviewed several (multiple) times over" — arguably suggests that Plaintiff interviewed for a position on several occasions but was not hired. But notably,

the "failure to employ me" and "failure to promote me" boxes on the Complaint are not checked, so it is difficult to decipher Plaintiff's claim. (Complaint, p. 3.) And although Plaintiff indicates that she filed a complaint with the New York State Division of Human Rights and that it issued a decision, she did not provide the requested information about the complaint (other than that it was filed in Buffalo, NY), nor did she append a copy of the decision as required. (Complaint, pp. 2-3.) She did, however, append a copy of the Right to Sue letter that she received from the U.S. Equal Employment Opportunity Commission, but that document simply advises that the EEOC adopted the findings of the New York State Division of Human Rights. It does not describe the facts underlying Plaintiff's claims. Consequently, this Court finds that Plaintiff has not complied with the pleading requirements of Rule 8.

10. Although Plaintiff's Complaint is plainly deficient and subject to dismissal, the Second Circuit has directed that pro se litigants be given the opportunity to amend their Complaint at least once "when a liberal reading of the Complaint gives any indication that a valid claim might be stated." Thompson, 284 F.3d at 416. Here, Plaintiff has at least suggested a claim based on lack of hiring or promotion. And in light of the proceedings before the New York State Department of Human Rights, there is some indication that a valid claim might exist. This conclusion is buttressed by the fact that Defendant has also moved for summary judgment at this stage, and has, to some degree, addressed Plaintiff's likely claims on the merits. Accordingly, this Court will dismiss Plaintiff's Complaint, but grant her forty-five days in which to file and serve an Amended Complaint that includes the facts underlying her claims and otherwise complies with the requirements of Rule 15. See Edwards, 2000 WL 914131, at *2 (granting motion to dismiss pro se Complaint with leave

to file Amended Complaint).

IT HEREBY IS ORDERED, that Defendants' Motion to Dismiss (Docket No. 5) is GRANTED.

FURTHER, that Plaintiff is granted leave to file an Amended Complaint within forty-five days of the date of this Decision and Order.

FURTHER, that Plaintiff's failure to file an Amended Complaint within forty-five days of the date of this Decision and Order will result in Plaintiff's case being dismissed and closed without further Order of this Court.

SO ORDERED.

Dated: December 13, 2007
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge